IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| HOWARD JAMES SMITH | ) | |

OPINION AND ORDER

Defendant Howard James Smith has filed a motion to continue his trial. For the reasons set forth below, the court finds that jury selection and trial, now set for February 11, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which

> such charge is pending, whichever date
> last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smith in a speedy trial. Defense counsel has requested a mental-health evaluation of his competency to stand trial, which will

require additional time. The court will, in turn, need further time to consider the parties' responses to the evaluations and determine how to proceed. A February 11 trial date will not provide sufficient time for all of this to occur.

In light of the pendency Smith's mental-health evaluation, the court concludes that a continuance is warranted to enable Smith to prepare effectively for trial. Moreover, the Speedy Trial Act excludes from the 70-day period any delay resulting from his mental-competency evaluation. *See* 18 U.S.C. § 3161(h)(1)(A). And the government does not object to a trial continuance.

\*\*\*

Accordingly, it is ORDERED that:

(1) Defendant Howard James Smith's motion to continue (doc. no. 230) is granted.

(2) The jury selection and trial, now set for February 11, 2019, are reset for March 11, 2019, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church

3

Street, Montgomery, Alabama.

DONE, this the 1st day of February, 2019.

                                     /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**