IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| HOWARD JAMES SMITH | ) | |

OPINION AND ORDER

This cause is before the court on defendant Howard James Smith's oral motion to continue trial. Based on the representations made on the record on February 12, 2019, and for the reasons set forth below, the court finds that jury selection and trial, now set for March 13, 2019, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A). It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smith in a speedy trial.

The court will grant Smith's motion for a mental-health evaluation by the Bureau of Prisons (BOP) to assess Smith's competency to stand trial. The BOP's assessment will include a comprehensive, longitudinal evaluation of Smith, which will require a significant amount of time to complete. The court will, in turn, need further time to review the report from the evaluation, consider the parties' responses to the evaluations, and determine how to proceed.

In light of Smith's BOP mental-health evaluation, the court concludes that a continuance is warranted to enable Smith to prepare effectively for trial. Moreover, the Speedy Trial Act excludes from the 70-day period any delay resulting from his mental-competency evaluation. *See* 18 U.S.C. § 3161(h)(1)(A).

***

Accordingly, it is ORDERED that:

(1) Defendant Howard James Smith's motion to continue, orally made in open court on the record on February 12, 2019, is granted.

(2) The jury selection and trial, now set for March 13, 2019, are continued generally pending defendant Smith's BOP mental-health evaluation.

DONE, this the 19th day of February, 2019.

                                         /s/ Myron H. Thompson
                                       **UNITED STATES DISTRICT JUDGE**