IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:18cr243-MHT |
| | ) | (WO) |
| HOWARD JAMES SMITH | ) | |

OPINION AND ORDER

Defendant Howard James Smith has been indicted on one count of conspiracy to distribute and possess with intent to distribute controlled substances; four counts of possession with intent to distribute controlled substances; three counts of possession of a firearm during and in relation to a drug-trafficking crime; and three counts of possession of a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1) & 324(c)(1)(A)(i); 21 U.S.C. §§ 841(a)(1) & 846.  Defense counsel has filed a motion for Smith to receive a mental-health evaluation by the Bureau of Prisons (BOP).  A hearing was held on the motion on February 12, 2019.  The motion, which is unopposed by the government, will be granted as outlined below.

**A.**

Defense counsel requested a competency evaluation based on concerns about Smith's ability to communicate with him; his discussions with Smith's mental-health providers; a review of Smith's mental-health records; and the medication Smith has been prescribed and administered.

A court may order a competency evaluation on a party's motion, or on the court's own motion, "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General to be placed in a suitable BOP facility for

this competency examination. *See* §§ 4241(b), 4247(b).

In this case, the court finds that there is reason to believe that Smith may not be competent to stand trial. The court will, therefore, order him to be evaluated at a BOP facility, pursuant to §§ 4241(b) and 4247(b). The examination must be completed within a reasonable period of time, not to exceed 30 days; the director of the facility to which Smith is committed may apply for a reasonable extension, not to exceed 15 days. *See* § 4247(b). Once the examination is complete, the examiner will prepare a psychological report and file this report with the court and with counsel, pursuant to § 4247. This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and prognosis of Smith's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Smith throughout this prosecution, Smith may currently be "suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a).

B.

If, after this evaluation, the court were to find that Smith is incompetent to stand trial, the court would then be required to commit him again to the custody of the Attorney General, and again he would be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward. *See* 18 U.S.C. § 4241(d)(1). To avoid the further delay and inconvenience to the parties and to the court of another potential commitment, including the extra time required to transport Smith from the BOP back to this district and then back to the BOP again, the court will order that, when the BOP examiner

conducts the competency evaluation, it should, if possible and practicable, simultaneously conduct a restoration evaluation pursuant to § 4241(d)(1) to determine if there is a substantial probability that, in the foreseeable future, Smith will regain competency.

C.

At the request of defense counsel at the February 12 hearing and without objection from the government, the court finds that the BOP should, when it conducts the competency and restoration evaluations, simultaneously conduct, if possible and practicable, an evaluation to determine whether Smith was insane at the time of the charged offenses pursuant to 18 U.S.C. § 4242 and Federal Rule of Criminal Procedure 12.2. *See United States v. Riley*, 2018 WL 5660092, at *2 (M.D. Ala. Oct. 31, 2018) (Thompson, J.) (ordering psychological examination to determine insanity at the time of the offense pursuant to court's inherent powers

and in absence of defense notice pursuant to Rule 12.2 and government motion under § 4242(a), albeit with agreement of parties).

D.

The court finds that, should Smith be found competent and be convicted, his mental health will need to be evaluated for purposes of sentencing pursuant to 18 U.S.C. § 3552(b). Therefore, defense counsel requested, and the court finds, that the BOP should conduct, if possible and practicable, a sentencing study while Smith is at the BOP facility for his competency, restoration, and insanity evaluations. Such evaluations are necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's mental disorder, substance-abuse disorder, and/or cognitive deficiency may have affected his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive during potential

incarceration and supervised release. *See United States v. Mosley*, 277 F.Supp.3d 1294 (M.D. Ala.) (Thompson, J.). By "culpability" the court means not only whether a defendant had a legal defense such as insanity, or whether a defendant's action was not "voluntary" or committed with the requisite mens rea; rather, the court means "culpability" to include whether, if any, a mental disorder, substance-abuse disorder, and/or cognitive deficiency may have affected or driven a defendant's conduct, and as a result possibly constitutes mitigation. *Id.*

The mental-health recommendation should, therefore, focus on these overlapping issues of culpability and treatment: the role, if any, defendant's mental disorder, substance-abuse disorder, and/or cognitive deficiency played in his or her charged conduct, and what treatment is recommended for defendant's disorders in light of his or her individual characteristics and history. And again, by treatment, the court means not only treatment, and other supportive services, to be

provided to him while on supervised release but also what specific BOP programs are recommended, and why, in the event that he is incarcerated for an extended period of time. *See* https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (describing BOP Programs).

18 U.S.C. § 3552(b) authorizes the court to order that the study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study. Here, the court is already seeking a comprehensive, longitudinal evaluation of Smith's mental health. The court finds that such an extended and comprehensive evaluation is simply not feasible in a jail environment, such as where Smith is housed, given the restrictions on access to prisoners. Furthermore, in this case, because Smith is already receiving a competency evaluation by the BOP, the court finds that a § 3552(b) evaluation should be

**simultaneously done at a BOP facility.**

**\*\*\***

**Accordingly, it is ORDERED that defendant Howard James Smith's motion for a mental-health evaluation (doc. no. 254) is granted as follows:**

**(1) Pursuant to the provisions of 18 U.S.C. § 4241 and §§ 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Howard James Smith to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Smith arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.**

**(2) Pursuant to 18 U.S.C. § 4241 and 4242, the**

examining psychiatrists or psychologists shall evaluate whether defendant Smith is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(3) In the event that the examiners find that defendant Smith is suffering from a mental disease or defect rendering him mentally incompetent, the examining psychiatrists or psychologists shall, pursuant to 18 U.S.C. § 4241(d)(1), also evaluate whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the proceedings to go forward.

(4) Pursuant to 18 U.S.C. § 4242 and Federal Rule of Criminal Procedure 12.2, the examining psychiatrists or psychologists shall evaluate whether defendant Smith was insane at the time of the offense.

(5) Pursuant to 18 U.S.C. § 3552(b), during the

time defendant Smith is at the BOP, the examining psychiatrists or psychologists shall evaluate defendant Smith's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

(a) To assist the court in assessing defendant Smith's culpability--including as a mitigating factor--the study shall discuss his mental-health history and characteristics, and shall particularly address (i) whether he suffers from any mental disorder(s), including a substance-abuse disorder, and if so, which one(s), as well as any cognitive deficiencies; (ii), if he has any mental disorder(s), substance-abuse disorder(s), and/or cognitive deficiencies; or, how, if at all, the disorder(s) or deficiencies relate to or interact with each other, or the cognitive deficiencies may be viewed as having caused, led to, or contributed to a substance-abuse disorder, if any; (iii) what role, if any, his mental disorder(s), substance-abuse disorder(s), and/or

cognitive deficiencies played in his commission of the offenses with which he is now charged; (iv) how his mental disorder(s), substance-abuse disorder(s), and/or cognitive deficiencies impact his ability to refrain from engaging in future criminal activity, and to meet other conditions of supervision, such as attending scheduled meetings with his supervising officer.

 (b) In addition to assessing whether defendant Smith suffers from any mental disorder(s), substance-abuse disorder(s), and/or cognitive deficiencies, the study shall provide recommendations for treatment and other supportive services to be provided to him while on supervised release to improve the likelihood of him becoming a productive member of society. The study should address his offense conduct, his personal characteristics, history, and circumstances; his mental health and history thereof; which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping him to refrain from violating

conditions of supervised release; and what specific BOP programs are recommended, and why, in the event that he is incarcerated for an extended period of time, *see* https://www.bop.gov/inmates/custody_and_care/docs/20170914_BOP_National_Program_Catalog.pdf (describing BOP programs). Among other issues, the study shall address whether there is any medication that can be used in conjunction with any other treatment to address his disorders, if any.

(6) Finally, the study shall discuss any other matters the BOP believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 19th day of February, 2019.

                                        /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**