**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:18cr243-MHT** |
| | ) | |
| **HOWARD JAMES SMITH** | ) | |

OPINION AND ORDER

Before the court is the question whether defendant Howard James Smith is mentally competent to stand trial--that is, whether he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Based on the representations made in open court on May 29, 2019, and for the following reasons, the court finds that he is mentally competent to stand trial.

Previously, upon the request of his counsel, the court ordered Smith to be committed to the custody of the Bureau of Prisons (BOP) for an independent

evaluation and report concerning his mental competency. According to the BOP forensic psychologist's report, Smith reported a history of "psychotic and depressive symptoms," including paranoia, depression and anxiety-related symptoms, hallucinations, and "feeling hopeless and overwhelmed." BOP Report (doc. no. 327) at 7. He also reported a history of homicidal and suicidal ideations, suicide attempts, inpatient psychiatric treatment, outpatient counseling, and medication management. The report further considered records from 2017 that indicated a mental-health clinician at a different establishment had diagnosed Smith with Schizoaffective Disorder and prescribed related medications; however, Smith failed to comply with subsequent treatment.

The BOP psychologist reported inconsistencies with the symptoms Smith purported to have and the treatment he described. The facility at which Smith was diagnosed with Schizoaffective Disorder confirmed that he did not return for follow-up care until mid-2018,

just two weeks after his initial arrest in this case. These records are in stark contrast to his account of over 20 years of treatment at the establishment. Another facility, at which he reported being psychiatrically hospitalized, did not have records for him or evidence of such care. Along the same line, the BOP report noted that he appeared to behave inconsistently to his comportment when out of the evaluator's presence, and "[h]is presentation was suspicious for feigned presentation of impairment." *Id*. at 10.

The BOP report gave Smith a *DSM-5* diagnosis of "Malingering," that is, the intentional production of false or grossly exaggerated psychological symptoms motivated by external incentives such as to avoid criminal prosecution. *Id*. at 14. The report noted various assessment results that supported malingering. Smith's results from the SIRS-2 assessment, a test "designed to evaluate the presence of feigned psychiatric symptoms," *id*. at 13, yielded results

3

indicating a significant finding that he feigned symptoms of mental illness. On the ECST-R, an interview to assess competency to stand trial, Smith's results revealed "an adequate level of rational abilities," "a sufficient understanding of the legal proceedings," and "the strong possibility" that Smith feigned psychiatric symptoms "for leniency in court." *Id*. at 16-17.

In addition to "Malingering," the BOP report noted that Smith presented traits related to Antisocial Personality Disorder ("ASPD"). The report recognized, however, that, although ASPD traits may be reflected in Smith's history of deceitfulness and his failures to abide by the law and social norms, Smith's presentation did not "fully endorse the criteria" for ASPD. *Id*. at 14.

The BOP report concluded that Smith is currently competent to stand trial. Therefore, based on the BOP psychologist's report and the representations made by counsel for the parties at the competency hearing, the

4

court finds that Smith is competent to stand trial, that is, that he is not "presently suffering from a

mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

***

Accordingly, it is ORDERED and DECLARED that defendant Howard James Smith is mentally competent to stand trial in this case.

DONE, this the 31st day of May, 2019.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**